UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DONNA PROKOPICK,                    :
                                    :
                     Plaintiff      :
                                    :        CIVIL NO. 3:CV-06-0429
        -vs-                        :
                                    :        (Judge Kosik)
                                    :
JOANNE B. BARNHART,                 :
Commissioner of Social Security,    :
                                    :
                     Defendant      :

# MEMORANDUM

Before the court is a dispute concerning a decision by the Commissioner of Social Security denying the plaintiff's claim for Disability Insurance Benefits (DIB).  The record is being reviewed pursuant to 42 U.S.C. § 405(g) to determine whether there is substantial evidence to support the Commissioner's decision.  The matter was assigned to United States Magistrate Judge J. Andrew Smyser and appropriate briefs were filed.  In a Report and Recommendation filed July 27, 2006, the Magistrate Judge found that the Commissioner's decision was not supported by substantial evidence and recommended that we remand the matter to the Commissioner.  The defendant filed objections to the Magistrate Judge's Report and Recommendation.  The plaintiff filed a brief in response.  For the reasons that follow, we will reject the Report and Recommendation of the Magistrate Judge and affirm the findings of the Commissioner.

I.      BACKGROUND

The plaintiff, Donna J. Prokopick ("Plaintiff"), filed an application for DIB on January 17, 2003.  Plaintiff alleged that she became disabled on September 27, 1999, as a result

of chronic fatigue syndrome, fibromyalgia, and abdominal pain. Plaintiff's claim was denied initially and on reconsideration. A hearing was held before an Administrative Law Judge ("ALJ") on March 3, 2004. An impartial medical expert, Dr. Leo Corazza, testified at Plaintiff's hearing. The ALJ issued an unfavorable decision on March 29, 2004. Plaintiff subsequently requested review of the decision by the Appeals Council. Her request for review was denied on May 5, 2004.

Plaintiff filed a complaint in this court and the matter was assigned to Magistrate Judge Smyser. On January 14, 2005, the Magistrate Judge issued a Report and Recommendation suggesting that the matter be remanded to the Commissioner. In support of that holding, Magistrate Judge Smyser contended that the ALJ appeared to have discounted the opinion of Plaintiff's treating physician on the basis of the ALJ's lay opinion regarding appropriate treatment for fibromyalgia. He further suggested that the ALJ gave undue weight to the opinion of Dr. Corazza. The Magistrate Judge determined that Dr. Corazza's testimony was "incomplete and unreliable and [could] not reasonably be considered substantial evidence to discredit the opinion of the plaintiff's treating physician." (1/14/05 Report & Recommendation at 23). The defendant did not object to the Report and Recommendation. By Order of February 4, 2005, the district court adopted the Report and Recommendation and remanded the matter to the Commissioner.

A second hearing was held before the same ALJ on July 20, 2005. A second medical expert, Dr. John Menio, testified at the subsequent hearing. On August 4, 2005, the ALJ determined that Plaintiff was not disabled and issued a decision denying benefits. The ALJ found that: Plaintiff had not engaged in substantial gainful activity since the

2

alleged onset of disability;[1] Plaintiff's impairments were severe within the meaning of the Regulations;[2] none of Plaintiff's impairments were of sufficient severity to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulation No. 4;[3] Plaintiff's assertions regarding her limitations were not totally credible;[4] Plaintiff had the residual functional capacity to perform the physical exertional requirements of sedentary work with a sit/stand option;[5] Plaintiff had the residual functional capacity to perform her past relevant work as a secretary/receptionist;[6] and, there were a significant number of jobs in the national economy that Plaintiff could perform.[7]

Once again, Plaintiff requested a review of the decision by the Appeals Council. Her request for review was denied on January 24, 2006. Plaintiff filed a complaint in this court on February 27, 2006. Appropriate briefs were filed in support of and in opposition to Plaintiff's appeal. Plaintiff raised three arguments on appeal: (1) that the ALJ erred by failing to give the appropriate weight to the opinions of Plaintiff's treating physicians; (2) that the ALJ erred by basing his findings, for a second time, on the incomplete and unreliable testimony of Dr. Leo Corazza; and, (3) that the ALJ erred by basing his findings on the testimony of Dr. Menio, who opined that fibromyalgia can never be disabling.

---

[1]    *See* R. 362; Finding 2.

[2]    *See* R. 362; Finding 3.

[3]    *See* R. 362; Finding 4.

[4]    *See* R. 362; Finding 5.

[5]    *See* R. 362; Finding 6.

[6]    *See* R. 362; Finding 7.

[7]    *See* R. 362; Finding 12.

(Plaintiff's Brief, at 3).

On July 27, 2006, the Magistrate Judge issued a second Report and Recommendation wherein he recommended that the case be remanded to the Commissioner. Magistrate Judge Smyser's Report and Recommendation found several errors in the ALJ's Decision. Most significantly, the Magistrate Judge suggested that the ALJ denied Plaintiff's counsel the opportunity to adequately cross-examine the medical expert, Dr. Menio. The Magistrate Judge also found that there was no "discernable reasoning to support Dr. Menio's opinion." (7/27/06 Report & Recommendation at 13). The Report and Recommendation further criticized the ALJ for labeling Plaintiff's work as a secretary from July 17 to September 22, 2000, as past relevant work, when the ALJ had discounted that job's relevance in the first decision denying Plaintiff's claim for DIB. Finally, the Magistrate Judge determined that the ALJ failed to offer any explanation for finding Plaintiff not credible.

On August 10, 2006, the defendant filed objections to the Magistrate Judge's Report and Recommendation. Plaintiff filed a response thereto on August 15, 2006. The defendant argues that Dr. Menio's testimony was sufficiently developed and offered an appropriate foundation for his opinion regarding Plaintiff's functional capacity. Defendant further argues that any error in the ALJ's finding that Plaintiff could return to her past relevant work as a secretary was rendered moot by the fact that the ALJ continued to the fifth step of the disability analysis and determined that Plaintiff could perform other work available in the national economy. (Defendant's Objections at 5).

## II.    STANDARDS OF REVIEW

### A.    Objections To Report and Recommendation

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a *de novo* determination of those portions of the Report to which objections are made.  28 U.S.C. §636(b)(1)(C); *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1); Local Rule 72.3.  Although our review is *de novo*, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper.  *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

### B.    Challenge To Decision Of An ALJ

When a claimant appeals from a final decision by the Commissioner of the Social Security Administration, the district court should uphold the Commissioner's decision if it is supported by substantial evidence and must accept the Commissioner's findings of fact as conclusive if supported by substantial evidence.  42 U.S.C. § 405(g); *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999); *Stunkard v. Secretary of Health and Human Serv.*, 841 F.2d 57, 59 (3d Cir. 1988); *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).  Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion.  *Plummer*, 186 F.3d at 427.  It is less than a preponderance of the evidence but more than a mere scintilla.  *Id.*

The decision by the ALJ should be accompanied by a clear and satisfactory explanation of the basis on which it rests.  *See Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir.

1981).   It follows that an ALJ reviewing a claimant's case must provide more than conclusory statements in support of his decision.  Rather, the ALJ is required to specify the reasons or basis for the decision.  *See Id.*  "In this regard we need from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected. In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored."  *Id.*

## III.    SOCIAL SECURITY DISABILITY ANALYSIS

Under the Social Security Act, a claimant is disabled if she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to . . . last for a continuous period of not less than twelve (12) months."  42 U.S.C. § 423(d)(1)(A).  A five-step evaluation process is used to determine whether a person is eligible for disability benefits.  *See* 20 C.F.R. § 404.1520. If it is found that a claimant is disabled or not disabled at any point in the sequence, review does not proceed any further beyond that step in the sequence.  20 C.F.R. § 404.1520.

The first step of the process requires a claimant to establish that she has not engaged in "substantial gainful activity."  *See* 20 C.F.R. § 404-1520.  The second step questions whether the claimant has a severe impairment.  At the third step, the Commissioner evaluates whether the claimant's impairments or combination of impairments meet or equal those listed in Appendix 1, Subpart P, Regulation No. 4.

If it is determined that the claimant's impairments do not meet or equal a listed impairment, the Commissioner must continue on to the fourth step in the sequential

evaluation process and consider whether the claimant has the residual functional capacity to perform past relevant work. If the claimant establishes that she is unable to perform past relevant work, then the burden of proceeding shifts to the Commissioner to demonstrate that other jobs exist in significant numbers in the national economy that the claimant is able to perform consistent with her medically determinable impairments, functional limitations, age, education and work experience. *See* 20 C.F.R. § 404.1520(a). This is the final step in the evaluation of a claimant's disability.

## IV.    DISCUSSION

In her challenge to the decision of the Commissioner, Plaintiff contended that the ALJ erred by basing his findings on the incomplete and unreliable testimony of Drs. Leo Corazza and John Menio, while failing to give appropriate weight to the opinions of Plaintiff's Treating physicians, Drs. Gorski and Blinder. Magistrate Judge Smyser agreed that the decision of the Commissioner should be remanded. In his Report and Recommendation, however, the Magistrate Judge focused on the testimony of Dr. Menio. The Magistrate Judge concluded that the ALJ improperly precluded Plaintiff's counsel from questioning Dr. Menio, and suggested that Dr. Menio's testimony was not supported by substantial evidence. The Magistrate Judge additionally suggested that remand was warranted based upon an error made by the ALJ at step four of the disability analysis, and because the ALJ did not give sufficient reason for his adverse determination of Plaintiff's credibility. We will review the objections to the Magistrate Judge's Report and Recommendation before turning to Plaintiff's challenges to the ALJ's decision.

## A.    OBJECTIONS TO THE REPORT AND RECOMMENDATION

### 1.    Cross-Examination Not Improperly Prohibited

Magistrate Judge Smyser's Report and Recommendation suggests that the ALJ's decision is flawed due to the fact that Plaintiff's counsel was prevented from pursuing relevant cross examination of the government's expert, Dr. Menio.   Specifically, the Magistrate Judge found that, "[p]roper and potentially probative cross-examination was prevented and inferences adverse to the plaintiff were drawn without adequate evidentiary support." (7/27/06 Report & Recommendation at 13).    We hold that the ALJ did not improperly impede counsel's cross-examination of Dr. Menio.

A review of the hearing transcript reveals that the ALJ did interrupt Plaintiff's counsel's questioning of Dr. Menio on one occasion.   In a series of questions and responses, counsel elicited testimony from Dr. Menio that he did not believe fibromyalgia to be a disabling condition in, "the majority of the cases."  (Hearing Transcript, R. 489). Plaintiff's counsel then asked Dr. Menio, "you don't think that [Plaintiff's] fibromyalgia is a disabling condition?"  (Hearing Transcript, R. 490).  Dr. Menio responded "no" before the ALJ intervened and stated, "[w]e're not going to deal with the issue of disabling and the doctor can't make that decision.  I make the decision."  *Id.*  The ALJ cautioned counsel not to put words into the witness' mouth, and asked counsel to continue cross-examination. *Id.*  Plaintiff's counsel asked Dr. Menio about the limitations of his own patients with fibromyalgia before concluding the cross-examination.

This court finds nothing objectionable in the manner in which the ALJ conducted the cross-examination of Dr. Menio.  The line of questioning prior to the ALJ's interruption was

not potentially probative and, in any event, it does not appear that the ALJ prevented any cross-examination by Plaintiff's counsel.  Initially, we note that a statement by a physician as to whether a claimant is disabled or unable to work is not dispositive of the issue.  *See Wright v. Sullivan*, 900 F.2d 675, 683 (3d Cir.1990) (holding physician's opinion as to disability not controlling).  Rather, disability is an issue solely for the Commissioner to decide. 20 C.F.R. § 404.1527(e)(1).  No special significance will be given to the source of an opinion on issues that are reserved to the Commissioner.  20 C.F.R. § 404.1527(e)(3).  Because Dr. Menio's opinion as to Plaintiff's alleged disability was not controlling, the ALJ did not prevent any "proper and potentially probative cross-examination."

More significantly, we fail to see where the ALJ actually prevented any questioning by Plaintiff's counsel.  Dr. Menio responded that Plaintiff was not disabled before the ALJ admonished counsel that he was not to ask questions on that issue.  Plaintiff's counsel was then permitted to continue cross-examination.  The ALJ did not otherwise limit the subject matter of Plaintiff's counsel's questioning.   Counsel then continued on with his cross-examination before ending the questioning by stating that he had no further questions. (Hearing Transcript, R. 489).  As the ALJ's instruction came after the question and answer at issue, and did not prevent counsel from pursuing any other issues, relevant or otherwise, we disagree with the Magistrate Judge's suggestion that the ALJ prevented "potentially probative cross-examination."

### 2.    Dr. Menio's Testimony Supported By Substantial Evidence

Magistrate Judge Smyser's Report and Recommendation concluded that Dr. Menio's testimony was unsupported by any discernable reason.  The Magistrate Judge

expressed concern that the expert testified that fibromyalgia is not disabling in the majority of cases, but neglected to state what percentage of cases could be disabling.  The Report and Recommendation suggested that Dr. Menio provided no reasons for opining that Plaintiff was in the not disabled majority of fibromyalgia cases aside from the fact that Plaintiff did not have markedly elevated CPKs.[8]  The Magistrate Judge found that Dr. Menio's testimony as to the relevance of elevated CPKs was cut short when the ALJ admonished Plaintiff's counsel not to pursue further cross-examination concerning Dr. Menio's opinion that Plaintiff was not disabled.

As we noted above, there is no basis for the Magistrate Judge's concern that Plaintiff's counsel was precluded from pursuing cross-examination by the ALJ's comments during Dr. Menio's testimony.  Specifically, the ALJ never instructed Plaintiff's counsel not to question Dr. Menio about his opinion that chronic and disabling fibromyalgia can be evidenced by elevated CPKs.  Accordingly, we disagree with the Magistrate Judge's suggestion that the ALJ's comments during the cross-examination of Dr. Menio limited the evidentiary basis for the expert's opinion.

The remainder of Dr. Menio's testimony reveals that his opinion was supported by medical evidence.  Dr. Menio testified that he reviewed the entire medical record provided

---

[8]

CPK stands for creatine kinase or creatine phosphokinase.  A CPK is a blood test that measures creatine phosphokinase (CPK), an enzyme found predominantly in the heart, brain, and skeletal muscle. When the total CPK level is substantially elevated, it usually indicates injury or stress to one or more of these areas.  *See Medline Plus*, a service of the U.S. Library Of Medicine and  the National Institutes Of Health, at the following web address:
 http://www.nlm.nih.gov/medlineplus/ency/article/003503.htm

him, including the Residual Functional Capacity Questionnaire completed by Plaintiff's treating physician, Dr. Gorski, and that he relied on the medical exhibits in formulating his opinion. (Hearing Transcript, R. 484). Dr. Menio asked Plaintiff to explain her symptoms during the hearing and noted that Plaintiff's symptoms were unaccompanied by objective evidence. (Hearing Transcript, R. 477). The expert disclosed that while Plaintiff's treating physicians reported tenderness throughout her body, Plaintiff did not display swelling or inflamation of the joints. (Hearing Transcript, R. 488). Dr. Menio also reviewed the report that Dr. Corazza prepared for Plaintiff's initial hearing and disagreed with the first expert's opinion of Plaintiff's limitations.[9] (Hearing Transcript, R. 481). Dr. Menio additionally testified that disabling fibromyalgia is evidenced by markedly elevated CPKs, not shown in Plaintiff's tests. (Hearing Transcript, R. 490). We disagree with the Magistrate Judge's conclusion that Dr. Menio's opinion was unsupported by medical evidence.

### 3.    No Error In Finding Plaintiff Able To Perform Past Work

The Magistrate Judge was troubled by the ALJ's finding at step four of the disability analysis. At that step, the ALJ determined that Plaintiff retained the residual functional capacity to perform her past relevant work as a secretary. Specifically, Magistrate Judge Smyser suggested that the ALJ changed an earlier ruling as to the relevance of Plaintiff's

---

[9]

In the first Report and Recommendation, dated 1/14/05, Magistrate Judge Smyser characterized Dr. Corazza's testimony "as incomplete and unreliable," suggesting that it could "not reasonably be considered substantial evidence to discredit the opinion of the plaintiff's treating physician." (1/14/05 Report & Recommendation at 23). The defendant did not file objections to that Report and Recommendation, and the district court adopted the Magistrate Judge's suggestions. We will address whether the ALJ erred in citing to Dr. Corazza's report in the decision at issue later in this memorandum.

previous secretarial work. The Magistrate Judge concluded that the ALJ needed to further explain why he labeled Plaintiff's secretarial work as past relevant work when, in the first decision, he determined that Plaintiff's secretarial work from July 17, 2000, to September 22, 2000, was too brief to be considered past relevant work.

In the initial March 11, 2004, decision, the ALJ listed Plaintiff's past relevant work as a licenced practical nurse and a unit secretary. (3/11/04 Decision, R. 14). As the Magistrate Judge noted, the ALJ determined that Plaintiff's brief employment as a secretary in the summer of 2000 did not qualify as past relevant work. (3/11/04 Decision, R. 14). In the second decision, the ALJ concluded that Plaintiff had the residual functional capacity for sedentary work with a sit/stand option. Consistent with that determination, the ALJ found that Plaintiff could return to her past relevant work as a secretary/receptionist. (8/4/05 Decision, R. 360). The ALJ, however, did not end the disability analysis at step four. Rather, the ALJ wrote, "[w]hile the claimant has the residual functional capacity to perform her past work as a secretary/receptionist; in order to more fully evaluate this matter, I will proceed to the next step of the sequential evaluation." (8/4/05 Decision, R. 360). After completing the step five analysis, the ALJ determined that Plaintiff was, "capable of making a successful adjustment to work that exists in significant numbers in the national economy." (8/4/05 Decision, R. 361).

We agree with the Magistrate Judge that the ALJ failed to properly explain why Plaintiff's past relevant work was listed as secretary/receptionist, as opposed to nurse and unit secretary. Nonetheless, the ALJ's mistake was rendered moot by the fact that he continued on to the fifth step of the disability analysis and found that there were sufficient jobs in the national economy that Plaintiff could perform given her residual functional

12

capacity.  Even if we throw out the ALJ's finding at step four, we are left with his determination at step five to support the ALJ's ultimate conclusion that Plaintiff was not under a disability at any time since the alleged onset date.  Accordingly, it is unnecessary to remand the matter on the basis of the ALJ's error at step four of the disability analysis.

### 4.    Substantial Evidence Supports Finding Plaintiff Not Credible

The final reason supporting remand cited by the Magistrate Judge was that the ALJ neglected to provide a basis for finding Plaintiff not credible.  Specifically, the Magistrate Judge explained as follows:

> First, in what may be a typographical error or a misunderstanding by Dr. Menio of the question, he stated in response to the next following question that the plaintiff's described symptoms are "of a type and severity that are usually associated with the impairments shown by the objective medical evidence." (Tr. 479).  If the ALJ accepts Dr. Menio's testimony in whole, as he appears to, then the plaintiff is credible.  If the ALJ rejected this portion of Dr. Menio's testimony, he should have explained it.

(7/27/06 Report & Recommendation at 13-14).  Later in the Report and Recommendation, the Magistrate Judge again criticized the ALJ for not citing reasons for an adverse credibility determination where, "Dr. Menio's testimony (accepted by the ALJ) was that the plaintiff's symptoms are of a type and severity consistent with the objective medical evidence." (7/27/06 Report & Recommendation at 16).  The Magistrate Judge concluded that "remand is clearly necessary and warranted." (7/27/06 Report & Recommendation at 16).

The Social Security Regulations provide a framework under which a claimant's subjective complaints are to be considered.  20 C.F.R. § 404.1529.  Symptoms, such as pain, shortness of breath, fatigue, *et cetera*, will only be considered to affect a claimant's

13

ability to perform work activities if such symptoms result from an underlying physical or mental impairment that has been demonstrated to exist by medical signs or laboratory findings.   20 C.F.R. § 404.1529(b).   Once a medically determinable impairment which results in such symptoms is found, the ALJ is to determine their impact on the claimant's ability to work.  *Id.* at (c).  In so doing, the medical evidence of record is considered along with the claimant's statements.  *Id.*  Social Security Ruling 96-7p gives the following instructions in evaluating the credibility of the claimant's statements regarding her symptoms:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements.  In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

SSR 96-7p at *4.

Regarding a claimant's subjective complaints, "a reviewing court typically defers to an ALJ's credibility determination so long as there is a sufficient basis for the ALJ's decision to discredit a witness."  *Izzo v. Comm'r of Soc. Sec.*, 186 Fed. Appx. 280, 286 (3d Cir. 2006) (citing *Schaudeck v. Commissioner of Soc. Sec.*, 181 F.3d 429, 433 (3d Cir. 1999)).  The court is to defer to the ALJ as trier of fact, "the individual optimally positioned to observe and assess witness credibility."  *Casias v. Secretary of Health & Human Services*,  933 F.2d 799, 801 (10th Cir. 1991).  An ALJ's findings on a claimant's credibility

14

are to be accorded great deference, because the "ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Commissioner of Social Sec.*, 127 F.3d 525, 531 (6th Cir.1997).

In this instance, the Magistrate Judge found that the ALJ gave no reasons for his negative credibility determination. The Magistrate Judge cited an ambiguous question posed by the ALJ to the medical expert in support of that conclusion. The Report and Recommendation accurately quoted the question posed by the ALJ and the testimony of Dr. Menio. The meaning of that testimony, within the context of the questions asked prior and subsequent to the quoted statement, is not readily understood by a review of the transcript alone. Specifically, we cannot know what the ALJ meant by "the objective medical evidence." As the Magistrate Judge suggested, the quote could be a typographical error. Moreover, it is possible that either the ALJ misstated his question, or the expert misunderstood the question posed.

This court need not divine the true meaning of one ambiguous inquiry. The ALJ hears the testimony presented by the witnesses and is in the best position to discern the meaning of witness testimony. *See Casias*, 933 F.2d at 801 (holding ALJ is the individual optimally positioned to observe and assess witness credibility). It is not the prerogative of the reviewing court to parse each sentence of testimony to find a weakness in the ALJ's decision. We will not remand a matter to the Commissioner on the basis of such an analysis. Rather, we review the ALJ's decision regarding Plaintiff's credibility to determine if it is supported by substantial evidence and was made pursuant to the Social Security Regulations.

Here, the unambiguous conclusion of Dr. Menio was that Plaintiff does not meet or

15

equal any listed impairments.  Dr. Menio also testified that Plaintiff showed no objective signs of impairment other than diffuse joint and muscle tenderness.  In making his determination that Plaintiff's claims were not fully credible, the ALJ reviewed Plaintiff's medical records, as well as Dr. Menio's testimony.  The ALJ wrote that "there is no objective medical evidence to support claimant's allegations of disability.  The medical evidence fails to show any muscle atrophy, joint redness or muscle spasm."  (8/4/05 Decision, R. 360).  The ALJ additionally noted that Plaintiff's treating physician, Dr. Gorski, opined that Plaintiff's pain was seldom severe enough to interfere with attention and concentration.  He concluded that Plaintiff's testimony was, "not fully credible to the extent that total disability is alleged."  (8/4/05 Decision, R. 360).  We see no reason to deviate from the general rule that compels us to defer to the ALJ's determination of Plaintiff's credibility as, "there is a sufficient basis for the ALJ's decision to discredit" Plaintiff.  *Izzo*, 186 Fed. Appx. at 286.[10]

We will not adopt the Magistrate Judge's Report and Recommendation.  We

---

[10] This court recognizes the difficulty in analyzing a DIB claim based upon chronic fatigue syndrome and fibromyalgia.  The unique problems posed by a disability claim based upon fibromyalgia were explained well by the Seventh Circuit in *Sarchet v. Chater*, 78 F.3d 305 (7th Cir.1996).  In that opinion, Judge Posner noted that fibromyalgia's symptoms are entirely subjective, and marked by fatigue, disturbed sleep, stiffness, and multiple tender spots consisting of eighteen fixed locations on the body.  *Id.* at 306.  The Seventh Circuit also cautioned that the symptoms were easy to fake.  *Id.* at 306-07.  Framing the issue to be decided in that case, Judge Posner wrote: "Some people may have such a severe case of fibromyalgia as to be totally disabled from working, but most do not and the question is whether [the plaintiff] is one of the minority."  *Id.* at 307 (citing Michael Doherty & Adrian Jones, 'Fibromyalgia Syndrome (ABC of Rheumatology),' 310 *British Med.J.* 386 (1995); *Preston v. Secretary of Health & Human Services*, 854 F.2d 815, 818 (6th Cir.1988) (per curiam)).

disagree with the reasons expressed by the Magistrate Judge in support of a remand.  A review of the medical evidence in the record and the hearing transcript convinces us that the ALJ did not improperly preclude cross-examination of the medical expert, Dr. Menio. We further disagree with the Magistrate Judge's conclusion that Dr. Menio's testimony was not supported by medical evidence.   Additionally, any error made in the ALJ's determination of Plaintiff's past relevant work at step four of the disability analysis was rendered moot by the fact that the ALJ continued to step five of the analysis.  Finally, the ALJ's finding that Plaintiff's testimony was not fully credible is supported by substantial evidence, including the report of Plaintiff's treating physician opining that Plaintiff's pain was seldom severe enough to interfere with attention and concentration.  Accordingly, we will sustain the defendant's objections to the Magistrate Judge's Report and Recommendation.  We will now turn to Plaintiff's challenges to the decision of the ALJ that were not addressed in the Magistrate Judge's Report and Recommendation.

### B.    PLAINTIFF'S CHALLENGES TO DECISION OF COMMISSIONER

As noted above, Plaintiff asserted three challenges to the ALJ's August 4, 2005, decision.  Plaintiff alleged that the ALJ erred by: 1) failing to give appropriate weight to the testimony[11] of Plaintiff's treating physicians; 2) basing his findings on the incomplete and unreliable testimony of Dr. Leo Corazza; and, 3) basing his findings on the testimony of Dr. Menio, who opined that fibromyalgia can never be a disabling condition.  (Plaintiff's Brief at 3-4, Doc. 6).  Plaintiff's challenges are without merit.

---

[11]

Plaintiff's brief claims that the ALJ disregarded the "testimony" of Plaintiff's treating physicians.  This is likely a typographical error as none of Plaintiff's treating physicians testified at either hearing before the ALJ.

### 1.    No Error In Weight Afforded To Treating Physicians

In her brief to the Magistrate Judge, Plaintiff noted that Dr. Eugene Gorski had treated her since 1998.   Dr. Gorski examined Plaintiff, manipulated her back to reduce pain, treated her pain with medication, and diagnosed Plaintiff with fibromyalgia.  Plaintiff argued that Dr. Gorski reported that Plaintiff had tender points, non-restorative sleep, chronic fatigue, morning stiffness, muscle weakness, swelling, and vestibular dysfunction. Plaintiff also noted that she treated with Dr. Martin Blinder.   Dr. Blinder's reports documented poor sleep, chronic fatigue, headaches, abdominal pain, tenderness and mild tremor.   (Plaintiff's Brief at 5, Doc. 6).   Plaintiff asserted that the medical reports of Drs. Gorski and Blinder constituted substantial evidence that the ALJ could not have dismissed wthout contrary, competent medical evidence.

In considering a claim for disability benefits, greater weight is to be given to the findings of a treating physician than to a physician who has examined the claimant as a consultant. *See Adorno v. Shalala*, 40 F.3d 43, 47 (3d Cir.1994); *citing*, *Mason v. Shalala*, 994 F.2d 1058, 1067 (3d Cir.1993).   "An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided."  *Plummer v. Apfel*,186 F.3d 422, 429 (3d. Cir.1999); *citing*, *Newhouse v. Heckler*, 753 F.2d 283, 286 (3d Cir.1985).  Opinions found in "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best."  *Mason*, 994 F.2d at 1065.   A statement by a plaintiff's treating physician supporting an assertion that she is  "disabled" or "unable to work" is not dispositive of the

issue. *Wright v. Sullivan*, 900 F.2d 675, 683 (3d Cir.1990).  A treating physician's opinion that a plaintiff is disabled is not a medical opinion, but rather an opinion on an issue that is reserved to the Commissioner because such an opinion is dispositive of the case.  20 C.F.R. § 404.1527(e)(1).  No special significance will be given to the source of an opinion on issues that are reserved to the Commissioner.  20 C.F.R. § 404.1527(e)(3).

In the instant case, the ALJ did not dismiss Dr. Gorski's opinions outright as alleged by Plaintiff in her brief to the Magistrate Judge.  Rather, the ALJ afforded Dr. Gorski's opinions less weight based upon the lack of objective findings supporting disability, contrary medical evidence, the testimony of consulting physicians, and internal inconsistencies within Dr. Gorski's lone report.  The ALJ reviewed the medical evidence submitted by Plaintiff, as well as the reports and testimony from independent medical experts, Drs. Corazza, Menio, and Chikarmane.  The ALJ noted that Dr. Chikarmane's evaluation for the Pennsylvania Bureau of Disability Determination revealed only diffuse generalized tenderness in the lower abdomen, with no abnormalities noted in the extremities and no focal neurological deficits.  The ALJ wrote that Dr. Menio testified that Plaintiff's impairments did not meet or equal a listed impairment.

The ALJ acknowledged that Dr. Gorski's form report contained the opinion that Plaintiff was incapable of even low stress jobs.  He found that conclusion to be contradicted by Dr. Gorski's response to the previous question on the same form.  Dr. Gorski answered the prior question by checking a box to indicate that Plaintiff's pain was seldom severe enough to interfere with attention and concentration.  The ALJ concluded, "Dr. Gorski's statement that the claimant was incapable of tolerating even low stress jobs is afforded little probative value because it is unsupported by the evidence discussed

19

above, and contradicted by his statement that the claimant's pain was seldom severe enough to interfere with her attention and concentration." (8/4/05 Decision, R. 360).

As noted above, an ALJ may "afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Plummer*, 186 F.3d at 429. In this instance, Dr. Gorski's report provided no explanations to support his opinion that Plaintiff suffered from such severe limitations. A review of Dr. Gorski's records reveals no formal reports other than the social security residual functional capacity questionnaire. The remainder of Dr. Gorski's records consist of hand-written progress notes. None of the progress notes include the opinion that Plaintiff is unable to work in low stress situations.[12] Given the internal inconsistencies contained in Dr. Gorski's one form report, lack of any explanation of the basis on which his opinion rests, limited objective medical evidence, and contradictory opinions from medical experts, we see no error in the ALJ's decision to afford Dr. Gorski's opinion little probative value.[13] *See Plummer*, 186 F.3d at 429 (holding "ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations

---

[12] The progress notes are difficult to decipher and such an opinion could have been missed by this court. Nonetheless, none of the briefs submitted by Plaintiff point to any prior opinion by Dr. Gorski suggesting Plaintiff suffered such significant work limitations.

[13] While it was not specifically identified by the ALJ as a reason for affording Dr. Gorski's opinion less weight, the fact that Dr. Gorski's lone opinion of Plaintiff's significant restrictions is found in a check box within a form report could have further limited the probative value of that opinion. *See Mason*, 994 F.2d at 1065 (holding "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best").

are provided").

Plaintiff also challenged the ALJ's dismissal of Dr. Blinder's opinion.  The ALJ's

decision did not reference the records of Dr. Blinder.  Dr. Blinder's records were discussed,

however, during the testimony of Dr. Menio at the disability hearing.  (Hearing Transcript,

R. 488).   Dr. Blinder ordered the CPK tests that revealed a mildly elevated CPK.  Dr.

Blinder's reports served as the basis for Dr. Menio's testimony regarding the significance

of high CPK levels in diagnosing severe cases of fibromyalgia.    (R. 444).   In all, Dr.

Blinder's records consist of only two reports following two visits by Plaintiff.  (R. 444-450).

Neither report offered any opinion as to Plaintiff's work limitations.  Moreover, while Dr.

Blinder concluded that Plaintiff suffered from fibromyalgia, he proffered no opinion

regarding the severity of the condition.  (R. 444).  That diagnosis was not contradicted by

the ALJ's determination at step two of the disability analysis.  At that step, the ALJ found

that Plaintiff suffered from severe impairments, including fibromyalgia.  At step three,

however, he determined that Plaintiff's impairments were not severe enough to meet or

medically equal a listed impairment.  (8/4/05 Decision, R. 358).  Dr. Blinder's reports

offered no assistance to the ALJ at step three of the disability analysis.  This court fails to

understand Plaintiff's allegation that the ALJ dismissed or disagreed with Dr. Blinder's

reports.  There is no basis for Plaintiff's claim that the ALJ failed to give appropriate weight

to the opinion of Dr. Blinder.

## 2.    No Error In Citation To Report of Dr. Corazza

In her brief to the Magistrate Judge, Plaintiff complained that the ALJ afforded

Plaintiff's treating physician's opinion less weight based upon the testimony of the medical

expert at Plaintiff's initial hearing, Dr. Leo Corazza.  Plaintiff noted that one of the reasons

that the Magistrate Judge suggested a remand in the matter in the initial, January 14, 2005, Report and Recommendation, was due to his determination that the ALJ had given undue weight to the "incomplete and unreliable" testimony of Dr. Corazza. Plaintiff contended that the ALJ, in the most recent decision, again relied upon Dr. Corazza's testimony and report to discredit Dr. Gorski's opinion.

In his initial Report and Recommendation in this matter, the Magistrate Judge recommended that the matter be remanded to the Commissioner based partially upon what he viewed as the ALJ's improper reliance on the testimony of Dr. Corazza. (1/14/05 Report & Recommendation, R. 402). The defendant did not object to that Report and Recommendation and the district court, finding no clear error on the face of the record in connection with the proposed remand, adopted the Report and Recommendation. (2/4/05 Order). Nothing in the initial Report and Recommendation or the district court's order precluded the ALJ from considering Dr. Corazza's report in a subsequent decision. The Magistrate Judge suggested only that Dr. Corazza's testimony, standing alone, could not be considered substantial evidence to discredit the opinion of Dr. Gorski. (1/14/05 Report & Recommendation, R. 399). He did not foreclose the possibility that the ALJ would again give greater weight to the opinion of Dr. Corazza, or afford Dr. Gorski's opinion limited weight. Specifically, the Magistrate Judge noted only that, "[i]f, on remand, it is determined that Dr. Gorski's report should be given greater weight, and Dr. Corazza's testimony should be given less, the [determination of Plaintiff's credibility] would be impacted." (1/14/05 Report & Recommendation, R. 402).

The August 4, 2005, decision included a summary of Dr. Corazza's physical capacity evaluation as part of the ALJ's review of the medical evidence. The ALJ's

determination to afford Dr. Gorski's opinion less weight cited to inconsistencies within Dr. Gorski's report, limited objective medical evidence, and contradictory opinions from medical experts, most notably Drs. Menio and Chikarmane, and to a lesser extent, Dr. Corazza. Contrary to Plaintiff's assertion, the ALJ did not give limited weight to Dr. Gorski's opinion based solely upon Dr. Corazza's report. The ALJ's citation to Dr. Corazza's report in no way conflicted with the Magistrate Judge's initial Report and Recommendation that determined that Dr. Corazza's testimony alone could not serve as a basis to discredit the opinion of Dr. Gorski. We see no error in the ALJ's reference to Dr. Corazza's report in his August 4, 2005, decision.

### 3.     Plaintiff's Challenge To Dr. Menio's Testimony

In a section above, we disregarded the Magistrate Judge's suggestion that Dr. Menio's opinion was unsupported by medical evidence. We held that substantial evidence supported Dr. Menio's opinion that Plaintiff did not meet or equal a listed impairment. Plaintiff raised a slightly different issue in her challenge to the ALJ's decision. Plaintiff complained that Dr. Menio's testimony was based on the discredited testimony of Dr. Corazza and that Dr. Menio showed bias when he opined that fibromyalgia could not be a disabling condition. Plaintiff's allegations are without merit.

We first address Plaintiff's contention that Dr. Menio's testimony is not substantial or credible because it was based upon the testimony of Dr. Corazza. Dr. Menio testified that he reviewed the entire file of medical records provided to him, including Dr. Corazza's physical capacity evaluation. He stated that he agreed with Dr. Corazza's conclusions with the exception of Dr. Corazza's opinion as to Plaintiff's work capacity. (Hearing Transcript, R. 480-81). That testimony does not demonstrate, as Plaintiff suggests, that Dr. Menio

23

based his opinion on Dr. Corazza's testimony.  Rather, Dr. Menio's testimony evidences that he reviewed all of Plaintiff's medical records and formed his own opinion of Plaintiff's limitations.  We will disregard Plaintiff's claim that Dr. Menio's testimony was improperly based upon the prior testimony of Dr. Corazza.

We next turn to Plaintiff's allegation that Dr. Menio was biased against fibromyalgia sufferers, and that his testimony was, "based on the legally, and medically, incorrect presumption that fibromyalgia can not be disabling." (Plaintiff's Brief at 9, Doc. 6).  Plaintiff was correct in noting that Dr. Menio testified that fibromyalgia was a chronic, but not disabling condition.  (Hearing Transcript, R. 489).  Plaintiff neglected to include that Dr. Menio immediately clarified his testimony by stating that fibromyalgia, "is not disabling in the majority of cases."[14]  (Hearing Transcript, R. 489).  Contrary to Plaintiff's assertions, Dr. Menio's statement evidences no bias against patients with fibromyalgia generally, or Plaintiff specifically.   Rather, Dr. Menio's testimony that the affliction is not generally disabling is consistent with the Seventh Circuit's description of fibromyalgia in a case we cited to above, *Sarchet v. Chater*.  Identifying the issue to be decided in that appeal, Judge Posner noted: "There is no serious doubt that [the plaintiff] is afflicted with the disease but it is difficult to determine the severity of her condition because of the unavailability of objective clinical tests.  Some people may have such a severe case of fibromyalgia as to

---

[14]    Plaintiff counsel's citation to, and subsequent characterization of, the expert's testimony is troubling.  Counsel argued that Dr. Menio, "opined that fibromyalgia can never be a [sic] disabling." (Plaintiff's Brief at 3, Doc. 6).  No such opinion is found anywhere in the record.  Nonetheless, counsel spent the better part of two pages of his brief to the Magistrate Judge arguing for remand based upon his clearly erroneous and misleading characterization of the expert's testimony.

be totally disabled from working, Michael Doherty & Adrian Jones, 'Fibromyalgia Syndrome (ABC of Rheumatology),' 310 *British Med.J.* 386 (1995); *Preston v. Secretary of Health & Human Services*, 854 F.2d 815, 818 (6th Cir.1988) (per curiam), but most do not and the question is whether [the plaintiff] is one of the minority." *Sarchet*, 78 F.3d 305, at 307. Dr. Menio's statement that, in general, fibromyalgia is not totally disabling, is not legally or medically incorrect. The expert's testimony evidences neither a flawed understanding of fibromyalgia, nor bias against Plaintiff.

We will deny Plaintiff's appeal from the decision of the Commissioner. The ALJ did not err in affording limited weight to the opinions of Plaintiff's treating physician. There was no error in the ALJ's citation to the report of a prior medical expert, Dr. Corazza. Finally, the opinion of testifying expert, Dr. Menio, was neither improperly based upon the report of Dr. Corazza, nor biased against Plaintiff.

## V.  CONCLUSION

We disagree with the Magistrate Judge's conclusion that the decision of the ALJ should be remanded to the Commissioner. This court finds Plaintiff's challenges to the ALJ's decision to be without merit. The ALJ's August 4, 2005, decision is supported by substantial evidence. We will sustain the objections of the defendant, decline to adopt the Report and Recommendation of the Magistrate Judge, and deny Plaintiff's appeal from the decision of the Commissioner. An appropriate order is attached.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DONNA PROKOPICK,            :
                                      :
                Plaintiff     :
                                      :     CIVIL NO. 3:CV-06-0429
       -vs-              :
                                      :     (Judge Kosik)
                                      :
JOANNE B. BARNHART,      :
Commissioner of Social Security,   :
                                      :
                Defendant   :

# <u>ORDER</u>

AND NOW, this 29th day of January, 2007, IT IS HEREBY ORDERED THAT:

(1) The defendant's objections (Doc. 9) to the Report and Recommendation of Magistrate Judge J. Andrew Smyser dated July 27, 2006, (Doc. 8) are **SUSTAINED**;

(2) we decline to adopt the Report and Recommend of the Magistrate Judge;

(3) the plaintiff's appeal is **DENIED**;

(4) the decision of the Commissioner is **AFFIRMED**; and,

(5) the Clerk of Court is directed to **CLOSE** this case and to forward a copy of this Memorandum and Order to the Magistrate Judge.

                                           s/Edwin M. Kosik
                                           United States District Judge